# Supreme Court of Florida

----

No. SC20-1814

----

**AGENCY FOR HEALTH CARE ADMINISTRATION,**
Petitioner,

vs.

**YBOR MEDICAL INJURY & ACCIDENT CLINIC, INC.,**
Respondent.

February 24, 2022

MUÑIZ, J.

Florida's Administrative Procedure Act entitles a party to a presumptive stay upon the appeal of an agency decision that "has the effect of suspending or revoking a license." § 120.68(3), Fla. Stat. (2020). This certified conflict case requires us to decide whether section 120.68(3) applies to an agency decision to administratively withdraw an incomplete renewal license application. We hold that it does not.[1]

----

1. We have jurisdiction. *See* art. V, § 3(b)(4), Fla. Const. After our Court heard oral argument in this case, the Second District Court of Appeal affirmed the agency's final order administratively

I.

Ybor Medical Injury and Accident Clinic, Inc. has operated as a licensed health care clinic for nineteen years. In September 2019, the clinic applied to the Agency for Health Care Administration to renew its expiring license. AHCA determined that Ybor Clinic's renewal license application was incomplete. Then, as required by law, the agency invited the clinic to supplement its application. When Ybor Clinic failed to do so, AHCA administratively withdrew the incomplete renewal license application from further consideration, as mandated by section 408.806(3)(b), Florida Statutes (2019).

The clinic appealed AHCA's administrative withdrawal decision to the Second District Court of Appeal and sought a presumptive stay under section 120.68(3). That provision says in part that:

> The filing of the petition does not itself stay enforcement of the agency decision, but if the agency decision has the

withdrawing Respondent's renewal license application. At the request of both parties, we exercise our discretion to retain jurisdiction and decide the conflict issue. That issue will likely recur yet evade review, and it involves a matter important to the efficient administration of our state government. *See State v. S.M.*, 131 So. 3d 780, 783 (Fla. 2013); *Godwin v. State*, 593 So. 2d 211, 212 (Fla. 1992).

- 2 -

effect of suspending or revoking a license, supersedeas [i.e., a stay] shall be granted as a matter of right upon such conditions as are reasonable, unless the court, upon petition of the agency, determines that a supersedeas would constitute a probable danger to the health, safety, or welfare of the state.

§ 120.68(3), Fla. Stat.[2]  AHCA opposed Ybor Clinic's request, arguing that the agency's administrative withdrawal decision did not have "the effect of suspending or revoking a license." § 120.68(3), Fla. Stat.

The Second District gave Ybor Clinic the presumptive stay, holding that the agency's administrative withdrawal of the clinic's incomplete application qualified as a suspending or revoking decision.  The district court reasoned that, without a new license, the clinic would be unable to operate after the expiration of its existing license.  *Ybor Med. Inj. & Accident Clinic, Inc. v. Agency for Health Care Admin.*, 310 So. 3d 1060, 1061-62 (Fla. 2d DCA 2020).

---

2.  Florida Rule of Appellate Procedure 9.190(e)(2)(C) is the procedural rule that corresponds to section 120.68(3) and allows for expedited appeals "[w]hen an agency has suspended or revoked a license."  Because rule 9.190(e)(2)(C) has no independent relevance to the case and the parties' arguments solely focus on section 120.68(3), the rule warrants no further discussion.

As part of its decision, the Second District certified conflict with the decision of the First District Court of Appeal in *Beach Club Adult Center, LLC v. Agency for Health Care Administration*, 303 So. 3d 582 (Fla. 1st DCA 2018). The First District in *Beach Club* had held that an agency's decision to administratively withdraw a renewal license application does *not* effectively suspend or revoke a license as contemplated by section 120.68(3). *Id.* We have now exercised our discretion to resolve the district court conflict.

## II.

We focus our analysis on the text of the statute. The text says that the presumptive stay applies to an agency decision that "has the effect of suspending or revoking a license." § 120.68(3), Fla. Stat. The statute does not define the words "suspending" and "revoking," so we must give those terms their ordinary meaning.

"Suspend" means "[t]o bar for a period from a privilege, office, or position. . . . [t]o interrupt or stop temporarily." *Suspend, American Heritage Dictionary of the English Language* 697 (1969). "Revoke" means "[t]o annul by recalling or withdrawing; cancel; rescind." *Revoke, American Heritage Dictionary of the English Language* 604 (1969). These definitions show that "suspending"

and "revoking" are actions that temporarily or permanently take away something already granted—in this case, one's right or privilege to a license.

The text also tells us that the label an agency attaches to its decision does not control whether the statute's presumptive stay provision applies. Section 120.68(3) refers to an agency decision that "*has the effect* of suspending or revoking a license." (Emphasis added.) This calls to mind provisions of the Administrative Procedure Act referring to agency decisions that annul, withdraw, restrict, or limit a license. § 120.60(5)-(6), Fla. Stat. Agency-specific statutes might use comparable terms. What matters under section 120.68(3) is that the agency decision be the functional equivalent of a suspension or revocation and that the decision act on an existing license.

Applying this standard here, we agree with AHCA that an administrative withdrawal of an incomplete license application does not satisfy the terms of section 120.68(3). By law, Ybor Clinic's existing license was valid for two years and would expire at the end of that time. The statutory scheme treats that existing license and a renewal license as distinct instruments. During all stages of the

renewal process, AHCA considers a facility's application and fitness for a *new license.* The existing license is not the subject of the renewal license application.[3]

Ybor Clinic contends that section 120.68(3) requires us to ask whether an administrative withdrawal of a renewal license application has an effect *on a business* comparable to the effect of a license suspension or revocation. The clinic maintains that a licensee that does not obtain a renewal license is in the same position as a business that had an existing license suspended or revoked. In either situation, the business can no longer operate.

The clinic's argument echoes the Second District's reasoning in the decision under review. There the district court said:

> [T]o the extent that the legislature has provided an opportunity for a licensee to maintain its license pending appeal in the face of agency action as serious as revocation or suspension of its license, it seems reasonable that the same opportunity would be available

---

3. Because of the timing of Ybor Clinic's renewal license application, section 408.806(2)(a) applied to toll the expiration of its existing license during AHCA's application review. Here, the review concluded when AHCA administratively withdrew the clinic's application. Under section 408.815(6), Florida Statutes (2019), the agency was able to "extend the license expiration date for up to 30 days for the sole purpose of allowing the safe and orderly discharge of clients."

when the agency takes some lesser action against the licensee that, as here, "has the effect of" a suspension or revocation.

*Ybor Clinic,* 310 So. 3d at 1062-63.

It is true that an agency decision to administratively withdraw a renewal license application might have severe consequences for a licensee. But the text of section 120.68(3) directs our focus to an agency decision's effect *on an existing license.* A decision on a renewal license application does not act on an existing license at all. Therefore, it is not reasonable to characterize that decision as one that "has the effect of suspending or revoking a license." § 120.68(3), Fla. Stat.

### III.

We hold that the administrative withdrawal of a renewal license application is not a decision that "has the effect of suspending or revoking a license" for purposes of section 120.68(3). Therefore, the appeal of an agency's withdrawal decision does not trigger the statute's presumptive stay provision. A licensee whose renewal license application has been administratively withdrawn remains able to seek a discretionary stay from the reviewing court.

We quash the Second District decision under review, and we approve the decision of the First District in *Beach Club* to the extent the latter decision is consistent with this opinion.

It is so ordered.

CANADY, C.J., and POLSTON, LABARGA, LAWSON, COURIEL, and GROSSHANS, JJ., concur.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION AND, IF FILED, DETERMINED.

Application for Review of the Decision of the District Court of Appeal
    Certified Direct Conflict of Decisions

    Second District – Case No. 2D20-2750

    (Hillsborough County)

Eugenia M. Keough Rains, Tracy Lee Cooper George, and Nicholas A. Merlin, Agency for Health Care Administration, Tallahassee, Florida,

    for Petitioner

Frank John Bane of Bane Law Group – NOC Legal Services, Tampa, Florida, and John E. Terrel of John E. Terrel, P.A., Tallahassee, Florida,

    for Respondent

Ashley Moody, Attorney General, Henry C. Whitaker, Solicitor General, Daniel W. Bell, Chief Deputy Solicitor General, and Rachel R. Siegel, Deputy Solicitor General, Tallahassee, Florida,

    for Amicus Curiae State of Florida